**UNITED STATES of America,**
**Appellee,**

v.

**John CILIA, Defendant–Appellant.**

**No. 06–1679–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Daniel A. Braun, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Stephen A. Miller), New York, NY, for Appellee.

Marc Fernich, New York, NY, for Defendant–Appellant.

Present: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant John Cilia appeals from an April 5, 2006 judgment of the United States District Court for the Southern District of New York (Casey, *J.*) convicting him, following a jury trial, of one count of violating 18 U.S.C. § 894 for attempting to collect an extension of credit by extortionate means. He was sentenced principally to a term of 51 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

 Cilia concedes that the government presented evidence that would support a

finding that he used "extortionate means" in an attempt to collect money from victim-borrower, later turned government informant, Antonio Marquis. He seeks to overturn his conviction, however, by questioning the time sequence of the creation of Marquis's debt and the threats employed against him. This argument fails because, at a minimum, a January 25, 2005 tape-recorded conversation between Cilia and Marquis reflects that Marquis admitted to owing Cilia one hundred and twenty thousand dollars, and Cilia agreed to defer this debt for "a couple of days." We reject Cilia's mistaken assumption that a few days waiting period is too brief in duration to establish an extension of credit, *see, e.g., United States v. Boulahanis,* 677 F.2d 586, 590 (7th Cir.1982) (suggesting deferment of payment for one night can constitute an extension of credit), and note that after this conversation Cilia threatened violence against Marquis in a series of voice mail messages. The evidence, therefore, is sufficient to establish that Cilia extended credit to Marquis before any extortionate collection methods were used. *See United States v. Bufalino,* 576 F.2d 446, 452 (2d Cir.1978) (upholding defendants' conviction under § 894 where funds obtained through fraud "gave rise to a claim"). Accordingly, we need not address the government's contention that an extension of credit existed prior to January 25, 2005, and find that Cilia failed to meet the "heavy burden" placed on him to prevail on his challenge. *United States v. Masotto,* 73 F.3d 1233, 1241 (2d Cir.1996) (describing defendant's burden for challenging a conviction based on the sufficiency of the evidence).

■ Second, we reject Cilia's argument that the district court committed reversible error by excluding testimony relating to Marquis's state of mind. Because it is not necessary for the government to prove a victim-borrower's state of mind in a § 894 prosecution, *see United States v. Natale,* 526 F.2d 1160, 1168 (2d Cir.1975), the district court did not abuse its discretion by excluding the proffered hearsay testimony under the circumstances in which the statements were made, *see United States v. Tracy,* 12 F.3d 1186, 1195 (2d Cir.1993) (setting forth the standard of review to overturn a trial judge's determination under Rule 403).

■ Third, Cilia challenges the district court's denial of his request for an entrapment instruction. Viewing the facts in the light most favorable to Cilia, *see United States v. Anglada,* 524 F.2d 296, 298 (2d Cir.1975), and thus accepting that Marquis was acting as an agent of the government, there is still no basis to find that Cilia was entrapped. Notably, the record is devoid of any indication that the idea of threatening Marquis was initiated by Marquis himself. As we stated in *United States v. Gambino,* 566 F.2d 414, 419 (2d Cir.1977), "[n]o one asked [defendant] to threaten the FBI agent.... There is no entrapment in such a situation, any more than the flashing of a roll of bills on a public street is the entrapment of an alert robber." And, even if Marquis could be said to have induced the extension of credit, as Cilia claims, the government produced unrebuttable evidence that Cilia was predisposed to extend credit. The district court therefore did not abuse its discretion in declining to instruct the jury on entrapment. *See United States v. Hurtado,* 47 F.3d 577, 585 (2d Cir.1995).

Fourth, Cilia argues that the jury was improperly instructed on the meaning of the phrase "other criminal means." We review this challenge for plain error because Cilia failed to object to the charge

below on this specific ground. Fed. R.Crim.P. 30(d), 52(b). As an initial matter, the error was not plain. While the law in this Circuit might indicate that the word "pressure" is not synonymous with the application of "force," it requires an inference that is not obvious or egregious enough to constitute plain error. *See United States v. Gore*, 154 F.3d 34, 43 (2d Cir.1998) (stating that the error must be "so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object") (internal quotation marks and citation omitted). Furthermore, Cilia cannot show that the error caused him any prejudice. *See United States v. Olano*, 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (normally requiring a showing of prejudice to satisfy the "affecting substantial rights" prong of Rule 52(b)). Conduct falling into the category of "other criminal means" forms an alternate basis for conviction under § 894. Because the jury heard overwhelming evidence that Cilia's use of "extortionate means" included direct and explicit threats to physically harm Marquis—conduct itself sufficient to sustain his conviction—Cilia is unable to demonstrate that it is more likely than not that any errors affected the outcome of his trial. *See, e.g., United States v. Ness*, 466 F.3d 79, 82–83 (2d Cir.2006) (upholding conviction because a properly instructed jury could sustain defendant's conviction on an alternate basis).

Fifth, Cilia submits that the district court erred in imposing a two-level increase in his guideline offense level based on his perjured trial testimony. *See* U.S.S.G. § 3C1.1. The district court did not commit clear error when determining that Cilia intended to obstruct justice and committed perjury by falsely testifying

that he did not know what his threats to Marquis meant and his only threat was to turn Marquis in to his probation officer. *See United States v. Zagari*, 111 F.3d 307, 328–29 (2d Cir.1997) (setting forth the factual predicates necessary for a finding of perjury). We thus affirm the district court's conclusion that an obstruction-of-justice adjustment was warranted.

Finally, Cilia argues that this case should be remanded to a different judge due to Judge Casey's allegedly excessive interventions, improper bolstering of prosecution witnesses, and exhibited animosity toward defense counsel. "Reversal for judicial bias is appropriate only where an examination of the entire record demonstrates that the jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the determination of the jury." *United States v. Salameh*, 152 F.3d 88, 128 (2d Cir.1998) (internal quotation marks omitted). After reviewing the record in its entirety, we conclude that Cilia has not made the requisite showing and therefore reject his argument.

We have considered Cilia's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.